U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

AUG 21 2017

CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KURT WAYNE LOPER, ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 3:16-CV-1508-B |
| ) | |
| LORIE DAVIS, Director, TDCJ-CID, ) | |
| Respondent. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I. Background**

Petitioner filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On February 7, 1991, he was convicted of indecency with a child under 17 and was sentenced to thirty years in prison. *State of Texas v. Loper*, No. F91-00507-V (292nd Dist. Ct., Dallas County, Tex., Feb. 7, 1991). He was later released on mandatory supervised release. On September 11, 2015, while on supervised release, he was convicted in two new cases of indecency with a child, enhanced. *State of Texas v. Loper*, Nos. F-1324876-X and F-1324877-X (6th Dist. Ct., Dallas County, Tex., Sept. 11, 2015). Petitioner was sentenced to four years in prison in each case to run concurrently. On December 28, 2015, Petitioner's mandatory supervised release on his first case was revoked.

On January 1, 2017, Petitioner filed a state habeas petition challenging the revocation of his good-time credits when his mandatory supervised release was revoked. He also challenges the amount of time credits he received while in custody at an Intermediate Sanction Facility.[1] On February 22, 2017, the Court of Criminal Appeals denied the petition without written order on the findings of the trial court without a hearing.

On May 31, 2016, Petitioner filed the instant § 2254 petition. He argues (1) Respondent unlawfully revoked his previously earned good-time credits; and (2) Respondent failed to properly credit him for time served in an ISF from March, 2013 to June 10, 2013.

## II. Discussion

**1. Standard of review**

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), 28 U.S.C. § 2254 provide:

> (d) An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of

---

[1] An ISF is a "fully-secured facility used for short-term incarceration of offenders who violate the conditions of their community supervision, parole, or mandatory supervision. ISFs are utilized by ... the Parole Division (PD) for parolees and mandatory supervision offenders." *Morrison v. Stephens*, No. 2:11-CV-254-J (N.D. Tex. Mar. 27, 2015), 2015 WL 1408916.

habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id.*

2. **Good-Time Credits**

Petitioner argues that upon revocation of his mandatory supervised release, Respondent unlawfully revoked his previously earned good-time credits. He claims the State had no enforceable contract to revoke his good-time credits because prior to his release on mandatory supervision he filed a "legal notice" with the Board of Pardons and Paroles stating he would not place himself under any obligation to the Board. He also refused to sign the Certificate of Mandatory Supervision, and upon his release to mandatory supervision, he immediately removed his GPS monitor. Petitioner also argues that if a contract existed, it was an adhesion contract and was unenforceable.

Under Texas law, when a prisoner is released to mandatory supervision, the state must "furnish a written statement stating in clear and intelligible language the conditions and rules of mandatory supervision." TEX. GOV'T CODE § 508.154(c). (West 2006). This language does not constitute a contract. *See Hernandez v. Livingston*, 495 Fed. Appx. 414, 417 (5th Cir. 2012) (stating Texas mandatory supervision law "does not require inmates . . . to sign a contract. It

only requires that inmates . . . be given the rules and conditions of their release in writing."); *see also*, *Florence v. Stephens*, No. 7:12-CV-049-O, 2013 WL 6052941 (N.D. Tex. Nov. 15, 2013) ("Texas law does not require inmates released to mandatory supervision to sign a contract . . ."); *Preston v. Thaler*, No. H-10-4365, 2012 WL 2026329 (S.D. Tex. June 4, 2012) ("The terms and conditions to which petitioner was subjected while serving his sentence on mandatory supervision parole were not negotiable nor subject to contract but mandated by state law.") Petitioner's contract claims are without merit.

3. **ISF Time Credits**

Petitioner states that from March, 2013 to June 10, 2013, he was held in an ISF, and that he should be credited towards his sentence for this time. Respondent submitted records showing that Petitioner was credited with all the time he served in an ISF. (ECF No. 26 at 35-38.) Petitioner submitted no evidence to contradict these records. Petitioner's claims should be denied.

4. **Summary**

Petitioner is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest. Accordingly, the state courts' determination to deny relief is not contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

## III. Recommendation

This Court recommends that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be DENIED.

Signed this ___ day of _____, 2017.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).